UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY LEE MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00611-JPH-MJD |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, ) | |
| DIRECTOR OF WEXFORD MEDICAL, ) | |
| ASSISTANT DIRECTOR OF WEXFORD ) | |
| MEDICAL, ) | |
| RYAN SMITH, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names four defendants: 1) Indiana Department of Correction (IDOC), 2) the Director of Wexford Medical, 3) the Assistant Director of Wexford Medical, and 4) Ryan Smith, Director of Wexford Medical Putnamville Facility. The plaintiff alleges that the three individual defendants all denied repeated attempts by Dr. Perez to order an orthopedic consult and medication for the treatment of the plaintiff's back pain. An x-ray taken on May 6, 2019, revealed "slippage of battery and broken lead wires in muscle tissue" presumably from a medical device. He seeks injunctive relief and money damages.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against IDOC are **dismissed**. Although the plaintiff names the IDOC as a defendant, he does not provide any allegations against the IDOC. But even if he did, his claim for damages against the IDOC would be barred by the Eleventh Amendment. A suit against a state agency is treated as a suit against the state itself for Eleventh Amendment purposes, and the Eleventh Amendment immunizes a non-consenting state from suits for damages in federal court. *Smith v. Utah Valley Univ.*, 619 Fed. Appx. 559, 560 (7th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)); *see Thomas v. Illinois*, 697 F.3d 612, 613 (7th

Cir. 2012) ("Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done.").

Second, the plaintiff's claims against the unknown director and assistant director of Wexford are **dismissed**. While the director and assistant director are "persons" subject to suit under § 1983, they are not identified by name. "[I]t is pointless to include anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, the plaintiff is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

The plaintiff's Eighth Amendment deliberate indifference claim against Ryan Smith **shall proceed**. This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 29, 2020,** in which to identify those claims.

## IV.
## Service of Process

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Ryan Smith in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Because all claims against them have been dismissed, the **clerk is directed** to terminate the IDOC, the Director of Wexford Medical, and the Assistant Director of Wexford Medical as defendants on the docket.

3

**SO ORDERED.**

Date: 3/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMY LEE MACK
217503
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Ryan Smith
Director of Wexford Putnamville Medical
PUTNAMVILLE CORRECTIONAL FACILITY
1946 West U.S. Hwy 40
Greencastle, IN 46135

Courtesy copy to:

Wexford Medical Services
c/o Joe Ebbitt, Director of Risk Management
Foster Plaza Four
501 Holiday Dr,
Pittsburgh, PA 15220